### III.

Miguel additionally claims that the Veterans Court overlooked the DVA's failure to carry out its duty to assist under 38 C.F.R. § 3.203(c) (1994) because it failed to verify the length and character of his service and give him a claim form, that the Veterans Court failed to "decide all relevant question of law" under 38 U.S.C. § 7261(a)(1) (1994) because it failed to discuss whether submitting his DD–214 and other service records constituted "substantial compliance" with *Rodriguez'*s requirement that a claim be written, and that the Veterans Court erred by holding that the doctrine of equitable tolling was inapplicable although the VARO counselor allegedly misinformed him that he was ineligible for any benefits. Although we do not further discuss these secondary arguments here, we have fully considered them and find them unpersuasive.

### Conclusion

This court lacks the authority to overturn *Rodriguez*, except en banc, and *Rodriguez* clearly mandates that because Miguel did not file a written claim in October 1991, the earliest possible effective date for his award was October 27, 1995, when he did file a written claim. In regards to Miguel's alternative argument that he may have "substantially complied" with *Rodriguez'*s requirement of a written informal claim, we conclude as matter of law that there is no such "substantial compliance" standard. Further, even if there were a "substantial compliance" standard, the question of whether Miguel met such a standard is a factual determination which we do not have jurisdiction to make. Accordingly, we affirm the decision of the Veterans Court.

**Billy GUY, Appellant,**

v.

**Carl GARDNER, Appellee.**

**No. 01–1282.**

United States Court of Appeals, Federal Circuit.

July 10, 2001.

### ORDER

The appellant having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Linda F. WILLETT, Appellant,**

v.

**John E. POTTER, Postmaster General, United States Postal Service, Appellee.**

**No. 01–1272.**

United States Court of Appeals, Federal Circuit.

July 10, 2001.

### ORDER

The appellant having failed to file the brief required by Federal Circuit Rule

31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**MED–PRO INDUSTRIES,**
**Plaintiff/Counterclaim**
**Defendant–Appellee,**

and

**Ronald T. Stanko, Plaintiff/Counterclaim Defendant–Appellee,**

and

**Presbyterian University Hospital (doing business as University of Pittsburgh Medical Center), Counterclaim Defendant–Appellee,**

v.

**Paxton King BEALE,**
**Defendant/Counterclaimant–Appellant.**

No. 01–1150.

United States Court of Appeals, Federal Circuit.

July 10, 2001.

ORDER

The appellant having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**In re Lanny L. JOHNSON**

No. 01–1407.

United States Court of Appeals, Federal Circuit.

July 12, 2001.

ORDER

The parties having so agreed, it is

ORDERED that the proceeding is DISMISSED under Fed. R.App. P. 42(b).